10-2239-cv
*Associated Community Bancorp v. The Travelers Companies*

**MANDATE**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1      At a stated term of the United States Court of Appeals
2  for the Second Circuit, held at the Daniel Patrick Moynihan
3  United States Courthouse, 500 Pearl Street, in the City of
4  New York, on the 11ᵗʰ day of May, two thousand eleven.
5
6  PRESENT: RICHARD C. WESLEY,
7           GERARD E. LYNCH,
8           DENNY CHIN,
9                *Circuit Judges*.
10
11  _____
12
13  ASSOCIATED COMMUNITY BANCORP, INC., CONNECTICUT COMMUNITY
14  BANK N.A., WESTPORT NATIONAL BANK, DENNIS D. CLARK,
15
16                *Plaintiffs-Appellants*,
17
18      -v.-                                    10-2239-cv
19
20  THE TRAVELERS COMPANIES, INC., ST. PAUL MERCURY INS. CO.,
21
22                *Defendants-Appellees*.
23
24  _____
25
26  FOR APPELLANT:    MITCHELL J. AUSLANDER (Todd G. Cosenza,
27                    Alison R. Levine, *on the brief*), Willkie
28                    Farr & Gallagher LLP, New York, NY.
29
30  FOR APPELLEE:     G. ERIC BRUNSTAD, JR. (Collin O'Connor
31                    Udell, Matthew J. Delude, Dechert LLP;
32                    Thomas J. Judge, Thompson, Loss & Judge,
33                    LLP, *on the brief*), Dechert LLP,
34                    Hartford, CT.
35

Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-Appellants Associated Community Bancorp, Inc., Connecticut Community Bank N.A., Westport National Bank, and Dennis Clark appeal from an April 7, 2010 judgment dismissing the complaint and a May 28, 2011 order denying their motion to reopen the judgment and file a third amended complaint of the United States District Court for the District of Connecticut (Hall, *J.*). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

"We review *de novo* the grant of a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "We consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Id*. We likewise review "*de novo* questions as to the ambiguity and meaning of the language of [an insurance] contract." *State Farm Fire & Cas. Ins. Co.*

*v. Sayles*, 289 F.3d 181, 185-86 (2d Cir. 2002); *see also Bd. of Educ. v. St. Paul Fire & Marine Ins. Co.*, 801 A.2d 752, 754 (Conn. 2002) ("[C]onstruction of a contract of insurance presents a question of law for the court which this court reviews *de novo*.") (alteration in the original).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned decision.

Appellants make one argument that was not considered below, undoubtedly because it was presented to the district court only briefly at oral argument, and not presented again in either Appellants' motion to reopen or in their efforts to amend the complaint. They argue that the underlying claims against them fall within a carveback to the policy's insolvency exclusion because they allege covered acts "solely in connection with [their] investment on behalf of a customer in the stock of [an investment company or similar organization]." Assuming arguendo that Appellants raised this issue below, it is without merit. The carveback relates to investments in an investment company's "stock" –

```
1    that is, in its equity.  While some of the underlying
2    complaints refer to "shares," all of them make clear that
3    the proposed Madoff investments involved creating an
4    investment account with Madoff, not making an equity
5    investment in the stock of an investment company or similar
6    organization.
7         We have considered Appellants' remaining arguments and
8    find them to be without merit.  For the foregoing reasons,
9    the judgment of the district court is hereby **AFFIRMED**.
10
11                              FOR THE COURT:
12                              Catherine O'Hagan Wolfe, Clerk
13
14
```



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit